# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE CHAPMAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KINGS COUNTY SUPERIOR COURT,<br><br>　　　　　Respondent.<br>_____/ | 1:08-cv-01904 SMS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE THE ACTION<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 4.)

Petitioner filed the instant petition for writ of habeas corpus on December 10, 2008. (Court Doc. 1.) On January 8, 2009, the Court issued an order to show cause why the petition should not be dismissed for lack of jurisdiction. (Court Doc. 6.) Petitioner filed a response on February 6, 2009. (Court Doc. 7.) On February 27, 2009, Petitioner filed a motion for leave to file an additional exhibit in support of her petition. (Court Docs. 8-9.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

1990).

Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490, 109 S.ct. 1923 (1989) (*per curiam*); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir.1990). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448.

Here, it is undisputed that Petitioner was not "in custody" pursuant to her 2003 conviction at the time the instant petition was filed. Rather, she has fully served her sentence including any parole and/or probationary term. Although Petitioner argues that she is in "constructive custody" of the California Superior Court, her argument is without merit. As just explained, at the time of filing the instant petition, Petitioner was (and is) not in custody, either "actual" or "constructive" as her sentence has fully expired as defined by section 2254.[1] Accordingly, Petitioner may not seek relief pursuant to a federal petition for writ of habeas corpus.

Nor may Petitioner seek relief under the All Writs Act, 28 U.S.C. § 1651(a). The All Writs Act provides that "all courts . . . may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The writ is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997).

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir.2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To

---

[1] Indeed the stipulation Petitioner submits in support of her argument states that despite her release from parole on December 12, 2005, she "shall be deemed to continue to be in constructive custody for the purposes of *this* [State Court] Petition for Writ of Habeas Corpus." (Exhibit C, to Petition.) (Emphasis added)

2

warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions. Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 2002 1985). As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498. "It is well settled that the writ of error coram nobis is not available in federal court to attack criminal judgments. A writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." Sinclair v. Louisana, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).

Accordingly, because Petitioner is challenging her 2003 state court conviction, she may not proceed pursuant to a federal petition for writ of habeas corpus or pursuant to the writ of error coram nobis, and the instant petition must be dismissed.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and,
2. The Clerk of Court be directed to terminate this action in its entirety.

IT IS SO ORDERED.

**Dated:   March 9, 2009**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE